**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ADAM M. JOSEPH, #20574-045**     **PETITIONER**

**versus**     **CIVIL ACTION NO. 5:11cv133-DCB-MTP**

**BRUCE PEARSON, Warden**     **RESPONDENT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the *pro se* Petition of Adam M. Joseph for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Background

On January 5, 2006, Joseph was arrested by local law enforcement authorities in Caldwell County, Missouri on charges of tampering with service of a utility or institution.[1] On August 17, 2006, the Circuit Court of Caldwell County, Missouri sentenced Joseph to a seven-year term of imprisonment after he pleaded guilty to that charge.[2] On December 20, 2007, while serving the seven-year Missouri sentence, Joseph was temporarily transferred to federal custody by the United States Marshals Service on a writ of habeas corpus *ad prosequendum* to face charges in the United States District Court for the Western District of Missouri.[3]

On or about February 26, 2009, Joseph was sentenced to a term of 188 months imprisonment by the United States District Court for the Western District of Missouri, after a plea

---

[1] *See* Ex. 2 to Answer [7-2].

[2] *Id.*; Ex. 4 to Answer [7-4].

[3] *See* Ex. 2 to Answer [7-2].

of guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine.[4]  The District Court ordered the federal sentence to be served concurrently with any state sentence.[5] Joseph remained in federal custody on the writ of habeas corpus *ad prosequendum* until September 25, 2009, when he was released from the Missouri Department of Corrections on parole.[6]

Joseph is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and is projected for release on October 19, 2022.[7]  Joseph claims, and the record reflects, that on or about December 4, 2007, he received a notice of an advanced parole date of January 14, 2008, from the Missouri Board of Parole and Probation.[8] In the instant Petition, filed on September 9, 2011, Joseph alleges that he is entitled to 409 days of credit for time served.  Specifically, Joseph seeks credit from January 14, 2008 (his scheduled parole date) through February 26, 2009, his federal sentencing date.  Joseph claims that had the U.S. Marshals Service waited just twenty-five more days to pick him up, he would have been released directly to their custody without any further obligation fo the Missouri Department of Corrections.

## Analysis

---

[4]*See* Ex. F to Petition [1-8].

[5]*Id.*

[6]*See* Ex. 2 to Answer [7-2]; Ex. 6 to Answer [7-6].

[7]*See* Ex. 1 to Answer [7-1].

[8]*See* Ex. C to Petition [1-5].

Respondent contends that the instant petition should be denied because Joseph is not entitled to the 409 days of pre-custody credit under 18 U.S.C. § 3585(b).

Joseph's sentence computation is governed by Bureau of Prisons ("BOP") Program Statement 5880.28, Sentence Computation Manual (CCA of 1984).[9] The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The BOP computed Joseph's current federal 188-month sentence to commence on the date it was imposed, February 26, 2009. The earliest date a federal sentence can commence is the date it is imposed. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, No. 4:06-CV-566-Y, 2007

---

[9]*See* Ex. 8 to Answer [7-8].

WL 1702198, at *2 n.4 (N.D. Tex. June 12, 2007) (stating that "§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence") (citing *Wilson*, 503 U.S. at 332-33; *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983).[10]

Respondent maintains that Joseph is not entitled to prior custody credit for the time period of January 14, 2008 to February 26, 2009, as he was in primary state custody on December 20, 2007, when he was transferred to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. Respondent further claims that Joseph remained in state custody until he was paroled by the Missouri Department of Corrections on September 25, 2009, and for this period of time Joseph received credit against his state sentence.

As stated above, on or about December 4, 2007, Joseph received a notice of an advanced parole date of January 14, 2008, from the Missouri Board of Parole and Probation.[11] Joseph was picked up by federal authorities on December 20, 2007, just 25 days prior to his scheduled parole date. It is unclear why Joseph was not paroled by the Missouri Department of Corrections on January 14, 2008, or why he was not paroled until September 25, 2009. Nevertheless, the fact remains that Joseph was not released on parole by the State of Missouri until September 25, 2009.[12]

Prior to September 25, 2009, Joseph was in primary state custody and was brought before

---

[10]The *Dovalina* decision was based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

[11]*See* Ex. C to Petition [1-5].

[12]*See* Ex. N to Petition [1-16]; Ex. 6 to Answer [7-6].

4

the federal court for his initial appearance, plea hearing, and sentencing hearing for his federal charge pursuant to a writ of habeas corpus *ad prosequendum*.[13] *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary."); *Dovalina*, 711 F.2d at 740; *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.").

Joseph received credit towards his state sentence prior to his release on parole on September 25, 2009. Accordingly, Joseph is not entitled to any additional credit against his federal sentence for any time prior to February 26, 2009, when his federal sentence commenced. *See Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. Mar. 1, 2001) (*per curiam*) ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the defendant receives credit for that time on his state sentence."); *Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum ... he [was] not entitled to have this time credited toward his

---

[13]Joseph appeared in the United States District Court for the Western District of Missouri for his initial appearance in Case No. 4:07-cr-00415-HFS-3 on or about December 20, 2007, pursuant to a writ of habeas corpus *ad prosequendum*. *See* https://ecf.mowd.uscourts.gov/cgi-bin/DktRpt.pl?965986339923761-L_1_0-1.

federal sentence"); *Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971).[14]

In support of his argument, Joseph cites to this court's Report and Recommendation [9] in *Kammer v. Pearson*, Civ. Action No. 5:09cv108-DCB-MTP, which cites *U.S. v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that petitioner was "not entitled to credit for time served in state custody between state arrest and the lodging of the federal detainer, or for the period served under the state sentence prior to the judgment remanding him to federal custody. . . . Absent a showing of federal involvement preventing a release from imprisonment, such credit is not warranted"). *See Kammer v. Pearson*, No. 5:09cv108-DCB- MTP, 2010 WL 502720, at *4 (S.D. Miss. Feb. 3, 2010). In *Kammer*, this court denied the petition and cited *Garcia-Gutierrez* in support of its finding that the filing of a federal detainer against Kammer did not entitle him to a *nunc pro tunc* designation. *Id.* Contrary to Joseph's argument, there is nothing in the record to show that the U.S. Marshals Service "prevented" his release from imprisonment by the State of Missouri. Thus, this argument is without merit.

Joseph also points to the sentencing court's following statements in support of his petition: "I will use the concurrent sentence recommendation, and I'm sure the family would know that any sentence used here would be, there would be credit time served by the Bureau of Prisons. That's not supposed to be said in the sentencing decision, but I suppose that's a given." *See* Ex. G to Petition [1-9]. Joseph argues that it was the sentencing court's intent that he receive credit for all time served. In support of his argument, he cites to the Third Circuit's opinion in *Ruggiano v. Reish*, 307 F.3d 121 (3rd Cir. 2002). In *Ruggiano*, the court held,

---

[14] The *Howard* and *Chaplin* decisions were based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

6

that the sentencing court intended to award Ruggiano the first of the two benefits
described by Judge Stapleton,[15] which was well within its authority, and not
"credit" as that term is used in § 3585(b), for, as we noted in *Rios*, the mere fact
that "an application of section 5G1.3(b) or (c) and the commentary by the
sentencing court, and the award of sentencing credit by the BOP under section
3585(b), may result in the same benefit to the defendant ... does not alter the fact
that the two benefits bestowed are distinct, and the Supreme Court's opinion in
*Wilson* only meant to refer to the award of sentencing credit under section
3585(b) when it determined that the power to award that credit was entrusted
exclusively to the BOP.

*Ruggiano*, 307 F.3d at 132–33 (quoting *Rios v. Wiley*, 201 F.3d 257, 270 (3d Cir. 2000)).[16]

Joseph's reliance on *Ruggiano* is misplaced. First, *Ruggiano* is not binding authority in this court. Second, *Ruggiano* is distinguishable; in the instant case, there is no indication from the

---

[15]In *Ruggiano*, the court cited to Judge Stapleton's concurring opinion in *United States v. Dorsey*, 166 F.3d 558, 564 (3d Cir. 1999):

[M]uch of th[is] conflict ... is attributable to [the] use of the word "credit" to refer to two distinct benefits that a convicted defendant may receive[:]

[1.] A sentencing judge is charged with determining the length of any sentence of incarceration to be served. In the course of doing so, it may impose a lesser sentence than it otherwise would have because of any number of relevant factors in the case.

[2.] After a defendant has been sentenced to a term of incarceration, the custodian must determine when the sentence imposed will have been satisfied. In the course of doing so, the custodian may give "credit" against the sentence for such things as presentence detention, good behavior, etc.

*Ruggiano*, 307 F.3d at 132 (quoting *Dorsey*, 166 F.3d at 564).

[16]The sentencing guidelines relied on in *Ruggiano*, U.S.S.G. § 5G1.3(c), 18 U.S.C.A., have since been amended. *See* 75 FR 27388-01, 2010 WL 1923584 (F.R. May 14, 2010), *eff.* Nov. 1, 2010; 68 FR 26960-01, 2003 WL 21105273 (F.R. May 16, 2003), *eff.* Nov. 1, 2003; *see also Escribano v. Schultz*, 330 F. App'x 21, 23 n.6 (3d Cir. 2009) ("a 2003 amendment to the 5G1.3 Application Notes provided that subsection (c) does not authorize an adjustment for time served on a prior undischarged term of imprisonment, and that a sentencing court may consider a downward departure in extraordinary cases").

7

sentencing transcript or the written sentence that Joseph asked for an adjustment under U.S.S.G. § 5G1.3, or that the sentencing judge intended to allow one. Indeed, the district judge's remarks during the oral sentencing are ambiguous at best, and the written sentence makes no mention of credit for time served or an adjustment to the sentence. *See* Ex. G to Petition [1-9]; Ex. 5 to Answer [7-5]; *see also Lopez v. Jeter*, No. 4:04-CV-924-A, 2005 WL 265156, at *1 n.1 (N.D. Tex. Feb. 1, 2005) (distinguishing *Ruggiano* on similar basis); *Anderson v. Fleming*, No. Civ.A.4:03-CV-1133-Y, 2004 WL 414895, at *1 n.1 (N.D. Tex. Jan. 28, 2004); *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) ("Even if *Ruggiano* were binding authority, it is inapposite because the Indiana district court did not order that Miramontes receive credit for the time served for his 37-month sentence.").

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Joseph's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of May, 2013.

                                                 s/Michael T. Parker
                                                 United States Magistrate Judge